# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME L. ZEPEDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　Defendants. | **Case No.  1:14-cv-00852-LJO-MJS (PC)**<br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br>**(ECF No. 1)**<br>**THIRTY-DAY DEADLINE** |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The Complaint is before the Court for screening.

**I.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any

1

time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

## III. SUMMARY OF PLAINTIFF'S ALLEGATIONS

2

Plaintiff names as Defendants (1) Matthew Cate, Secretary, California Department of Corrections and Rehabilitation ("CDCR"), (2) Doe CDCR Director of Adult Institutions, (3) W.J. Sullivan, Warden, California Correctional Institution in Tehachapi ("CCI"), (4) M. Carrasco, CCI Associate Warden, (5) L.L. Schulties, CCI Chief Deputy Warden, (6) S. Wright, CDCR Captain/Appeals Coordinator, (7) N. Grannis, CDCR Chief of Inmate Appeals, (8) M. Bryant, CCI Associate Warden, (9) S. Reed, CCI Chief Deputy Warden, (10) K. Kostecky, Captain/Appeals Coordinator, (11) J.D. Lozano, Chief of Inmate Appeals.

Plaintiff, a validated gang associate, was housed in segregation in the Security Housing Unit ("SHU") at CCI from 2005 to 2012. During this time, the CDCR had a policy and practice of overcrowding which caused Defendants to restrict Plaintiff's out-of-cell exercise to not more than two and one half to three hours per week.

Defendants Bryant and Reed improperly counted yard time, showers, medical appointments and visiting as out-of-cell exercise time and denied grievances challenging such practices.

Defendants Schulties and Carrasco also denied grievances by simply stating that exercise cages had been ordered.

Defendant acted without legitimate safety, security, or disciplinary purpose, denying use of available exercise cages and spending funds on things other than exercise cages.

As a result of limited exercise, Plaintiff suffered weight gain, high blood pressure, stress, depression, anxiety, loss of sleep, memory loss, exacerbation of attention deficit disorder and muscle atrophy.

Plaintiff requests monetary damages, declaratory relief, and an injunction

directing five hours per week of exercise time in the exercise modules in addition to other program activities and directing that exercise cages not be left idle.

## IV. DISCUSSION

### A. Statute of Limitations

Federal law determines when a claim accrues, and under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008), quoting *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. *Lukovsky*, 535 F.3d at 1048; *Jones v. Blanas*, 393 F.3d 918, 927 (2004).

The same is true with regard to § 1983 claims alleging violation of the U.S. Constitution. *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) ("The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose."). California's statute of limitations for personal injury actions requires that the claim be filed within 2 years. Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927. Pursuant to the California Code of Civil Procedure § 352.1, a two-year limit on tolling exists with regard to prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Thus, incarcerated plaintiffs have four years from the date that the cause of

4

action accrued in which to file suit, if the cause of action accrued while said plaintiff was incarcerated.

Plaintiff filed this action on June, 5, 2014. Consequently, alleged rights violations occurring prior to June 5, 2010 appear time-barred. California's equitable tolling doctrine, which focuses on excusable delay by a plaintiff, *Lukovsky*, 535 F.3d at 1051, may apply in proper circumstances, see *Wallace v. Kato*, 549 U.S. 384, 394 (2007), to the extent not inconsistent with federal law. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002). However, Plaintiff has set forth no facts suggesting his delay was excusable.

If there is a basis to seek tolling of the statute of limitations, Plaintiff may so state in an amended pleading. Otherwise, his claims, if found cognizable, will be limited to those arising after June 5, 2010.

**B.     CDCR Statewide Policy/Practice**

An official capacity claim against a state official requires that a policy or practice of the governmental entity be the moving force behind the violation. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Plaintiff does not allege facts demonstrating he was denied out-of-cell exercise as a result of a decision by the CDCR and its policymaking officials or a persistent and widespread CDCR practice. *Connick v. Thompson*, ––– U.S. ––––, ––––, 131 S.Ct. 1350, 1359 (2011). Even if the CDCR exhibited systemic overcrowding at its facilities that alone does not demonstrate a CDCR policy or practice to deny prisoners out-of-cell exercise.

If Plaintiff chooses to amend, he should allege facts demonstrating that his federal rights were violated by a decision of the CDCR and its policymaking officials or a persistent and widespread CDCR practice.

5

**C.    Linking Defendants to Violations**

A § 1983 plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Plaintiff alleges facts linking Defendant Schulties, Carrusco, Bryant and Reed to a rights violation.

However, he fails to link any of the other named Defendants. He alleges that in 2005, Defendant Cate allowed additional inmates to be housed at CCI. He also alleges that Defendants were aware that the number of inmates at CCI exceeded design capacity and that an institutional memorandum directed overcrowding not impact constitutionally mandated programs and services. But such allegations do not show participation in, direction of, or failure to respond to known unconstitutional conditions of confinement. *Redman v. County of San Diego*, 942 F.2d 1435, 1446–47 (9th Cir. 1991; see also *Starr v. Baca*, 652 F.2d 1202, 1206–07 (9th Cir. 2011) ("[A]plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates.").

If Plaintiff chooses to amend, he must allege facts linking each named Defendant to a violation of his rights.

**D    Conditions of Confinement – Exercise**

The Eighth Amendment protects prisoners from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme

6

deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. E.g., *Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150–51 (9th Cir. 2010). Mere negligence on the part of the prison official is not sufficient to establish liability. *Farmer*, 511 U.S. at 835.

Exercise is one of the basic human necessities protected by the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). "Deprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996), citing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979), amended by 135 F.3d 1318 (9th Cir. 1998). Some form of regular exercise, including outdoor exercise, "is extremely important to the psychological and physical wellbeing" of prisoners. *Spain,* 600 F.2d at 199. "The cost or inconvenience of providing adequate [exercise] facilities is not a defense to the imposition of a cruel punishment." *Id.* at 200.

No bright line exists in terms of how many hours of out-of-cell exercise satisfy the Constitution. Generally, inmates in segregated housing are permitted a minimum of one hour per day, five days per week, of exercise outside their cells, but this can be modified if security and safety considerations so require. Cal. Code Regs. tit. 15 § 3343(h); accord, *Spain*, 600 F.2d at 199 (fewer than five hours of exercise per week over a period of years states an Eighth Amendment claim). When segregated housing units are equipped with their own recreation yard, the yard periods may substitute for other

out-of-cell exercise periods, providing the opportunity for use of the yard is available at least three days per week for a total of not less than ten hours a week. Cal. Code Regs. tit. 15 § 3343(h).

### 1. Risk of Harm

Plaintiff claims that, without any institutional purpose, he was limited to not more than three hours of out-of-cell exercise per week and that yard time was improperly counted as out-of-cell exercise time. The allegation he was allowed less than five hours per week out-of-cell exercise time suggests an actionable risk of harm. However, as noted, the availability of a SHU yard may substitute for out-of-cell exercise time. Plaintiff does not provide sufficient facts about the length and frequency of his yard time to enable the Court to evaluate whether it might have substituted for out-of-cell exercise time.

Plaintiff attributes physical and emotional harm to denial of exercise. However, he does not say when he developed the harmful symptoms, their severity, why he attributes them to a lack of exercise, or whether he has been treated for the conditions. See e.g., *Platt v. Brockenborough*, 476 F.Supp.2d 467, 471 (E.D.Pa. 2007) (lack of exercise may amount to a constitutional violation where it poses a significant threat to an inmate's physical and mental well-being).

### 2. Indifference

Even if Plaintiff had alleged a serious need for exercise, the facts alleged do not demonstrate Defendants Schulties, Carrasco, Bryant and Reed disregarded that need. Defendants Schulties and Carrasco, in responding to Plaintiff's grievance stated their belief that additional exercise cages had been ordered, and Defendants Bryant and Reed stated their belief that yard time was sufficient as exercise time. These allegations

do not demonstrate disregard of a known serious risk to Plaintiff from constitutionally insufficient exercise.

Plaintiff's contention that exercise cages were not fully utilized and that available funds were spent on things other than exercise cages is not linked to these Defendants. Plaintiff also fails to show how such actions reflected disregard of a known serious risk to Plaintiff.

If Plaintiff chooses to amend, he should allege facts showing identified Defendants knowingly disregarded a serious risk of harm by denying Plaintiff exercise and that Plaintiff was in fact harmed as a result.

### E.   Conditions of Confinement - Overcrowding

Prison overcrowding violates federal rights only where plaintiff alleges that crowding has caused an increase in violence, has reduced the provision of other constitutionally required services, or has reached a level rendering the institution no longer fit for human habitation. See *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989); *Hoptowit v. Ray*, 682 F.2d 1237, 1248–49 (9th Cir. 1982) abrogated in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995) (noting that overcrowding itself is not an Eighth Amendment violation but can lead to specific effects that might violate the Constitution).

Plaintiff fails to allege facts demonstrating overcrowded conditions caused him harm through increased violence, reduction in required services other than perhaps in preventing exercise, or rendered conditions unfit for habitation. See *Balla*, 869 F.2d at 471. Insofar as the deprivation of exercise claim fails for the reasons explained above and Plaintiff attributes no other harm to overcrowded conditions, the Court cannot here find that the overcrowding resulted in a constitutional deprivation.

9

If Plaintiff chooses to amend, he should allege facts that overcrowding caused an increase in violence or reduction in services or unfit habitation harming him.

**F.    Grievances**

Plaintiff may desire to claim that his prison grievances were improperly rejected. However, "[the prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993), citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (D.C. Ill. 1982). Plaintiff does not have an independent due process claim of entitlement to a grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galarza*, 334 F.3d 850, 860 (9th Cir. 2003).

This claim fails and amendment would be futile.

**G.    Injunctive Relief**

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985), quoting *Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir.1984); see *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

Plaintiff cannot seek injunctive relief where there is no underlying federal claim. *City of Los Angeles*, 461 U.S. at 101–02 (plaintiff must show a "case or controversy" and "real and immediate" threat of injury). Plaintiff's pleading does not state any

cognizable claim against named Defendants for the reasons stated.

Moreover, absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); *Sandin*, 515 U.S. at 482–83 (disapproving the involvement of federal courts in the day-today-management of prisons).

## V.     CONCLUSIONS AND ORDER

The Complaint fails to state any cognizable claim. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this Order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed June 5, 2014,

11

2. Plaintiff's § 1983 Complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and

4. If Plaintiff fails to file an amended complaint in compliance with this Order, the undersigned will recommend the action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   July 20, 2014                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE