UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME L. ZEPEDA,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | Case No.  1:14-cv-00852-LJO-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 15)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On May 11, 2015, the Court found Plaintiff had stated a cognizable Eighth Amendment claim against Defendants Bryant and Reed, but dismissed his remaining claims without prejudice. (ECF No. 15.)  Plaintiff was given thirty days to file an amended complaint or to notify the court that he would proceed on his sole cognizable claim.  The thirty-day deadline passed without Plaintiff filing an amended pleading or a notification of his willingness to proceed, or seeking an extension of time to do either.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may

1

impose sanctions including, where appropriate . . . dismissal of a case." In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) (citing Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986)). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (dismissal for noncompliance with local rule); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. In re Phenylpropanolamine, 460 F.3d at 1226; Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992); Malone v. USPS, 833 F.2d 128, 130 (9th Cir. 1987); Thompson, 782 F.2d at 831; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions,

at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this Order, Plaintiff shall either show cause as to why this action should not be dismissed with prejudice for failure to prosecute and failure to comply with the Court's orders (ECF No. 15), or file an amended complaint; and

2. If Plaintiff fails to show cause or file an amended complaint, the undersigned will recommend that this action be dismissed, with prejudice, for failure to prosecute and failure to obey a court order.

IT IS SO ORDERED.

Dated:   June 30, 2015              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE