UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME L. ZEPEDA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　Defendants. | CASE No. 1:14-cv-00852-LJO-MJS (PC)<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**<br><br>**(ECF No. 20)** |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On May 11, 2015, the Magistrate Judge assigned to the case screened Plaintiff's first amended complaint (ECF No. 13), found that it stated cognizable Eighth Amendment claims against Defendants Reed and Bryant but no other claims, and ordered Plaintiff to file an amended pleading or notify the Court of his willingness to proceed only on those claims found to be cognizable. (ECF No. 15.) Thereafter, on August 28, 2015, the action was dismissed for failure to obey a court order and failure to prosecute based on Plaintiff's failure to respond to the Court's May 11, 2015 order. (ECF No. 18.)

　　　　Before the Court is Plaintiff's September 28, 2015 motion for relief from judgment. (ECF No. 20.) Plaintiff states that he was unable to respond to the Court's orders due to

CDCR 115 disciplinary proceedings, his placement in segregated housing, problems with his job, seizure of his legal materials, and extensive and unrelated administrative grievance proceedings. He states that he submitted a motion for extension of time to the Court, but the docket shows no such motion being filed. Plaintiff expresses his willingness to proceed only on those claims previously found to be cognizable.

Federal Rule of Civil Procedure Rule 60(b)(6) allows the Court to relieve a party from a final judgment or order for "any other reason that justifies relief." Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party bears the burden of demonstrating that relief under Rule 60(b) is appropriate. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

Plaintiff's motion reflects that Plaintiff was aware of the Court's orders and the need to respond, but failed to do so in a timely manner. Although Plaintiff undoubtedly had other competing priorities during the relevant time period, these do not excuse his failure to respond to Court orders and failure to prosecute this action. Among other things, Plaintiff claims to have been placed in administrative segregation, but provides no evidence to suggest his placement there substantially overlapped with relevant deadlines in this case. Plaintiff has failed to present extraordinary circumstances justifying relief.

Accordingly, Plaintiff's motion for relief from judgment is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **March 29, 2016**          /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE

2